UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CHARLES E PADGETT** | **CASE NO. 6:21-CV-01086** |
| **VERSUS** | **JUDGE JUNEAU** |
| **TRANSPORTATION INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) filed by Defendant, Transportation Insurance Co. ("TIC"). (Rec. Doc. 8). Plaintiff, Charles E. Padgett, M.D., opposed the Motion (Rec. Doc. 11), and TIC replied (Rec. Doc. 14). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that TIC's Motion to Dismiss Motion be granted.

### Factual Background

The Covid-19 pandemic and the federal, state, and local governments' responsive actions are well-known. Like most, if not all, other government leaders, Louisiana Governor John Bel Edwards issued a series of executive orders directing all but essential workers to stay home as the pandemic raged. (25 JBE 2020, March

11, 2020, with supplementals notices at Rec. Doc. 8-3). The stay-home orders have prompted a wave of litigation by business owners seeking compensation from their insurers for business interruption and losses caused by their customers', clients', and patients' inability to conduct business. This is one such suit.

Plaintiff, an obstetrician-gynecologist, filed a Petition for Declaratory Judgment in state court against TIC, his business insurer, for alleged losses sustained as a result of having to close his medical practice due to Governor Edwards's Covid-19 stay-home orders. (Rec. Doc. 1-1). TIC removed the case to this Court. (Rec. Doc. 1). TIC seeks dismissal of Plaintiff's suit on the grounds that the TIC policy does not provide coverage for the alleged loss of use or business interruption. TIC's primary defense is that the Covid-19 virus did not cause a covered loss or property damage to Plaintiff's business. Plaintiff's claims and TIC's defenses are not novel in the post-pandemic legal environment.

## Law and Analysis

### I. Applicable Law.

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007).

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the

pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

The Court must apply Louisiana substantive law relative to interpretation of insurance contracts. The Fifth Circuit summarized applicable Louisiana insurance interpretation law as follows:

> "Under Louisiana law, insurance policies are contracts between the parties and 'should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'" "When interpreting a contract, the court must discern the parties' common intent." "The parties' intent as reflected by the words in the policy determine[s] the extent of coverage."
>
> Where the terms of the contract are clear and explicit and do not lead to absurd consequences, no further interpretation may be made in search of the intent of the parties." "'[W]ords of a contract must be given their generally prevailing meaning,' but '[w]ords of art and technical terms must be given their technical meaning when the contract involves a technical matter.'" "Each provision in [the] contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."
>
> "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written."
>
> "If the insurance contract terms are ambiguous, these ambiguities are generally strictly construed against the insurer and in favor of coverage." "This rule of strict construction 'applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations; for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable.'"
>
> *Richard v. Anadarko Petroleum Corp.,* 850 F.3d 701, 713 (5th Cir. 2017). (cleaned up).

Considering the foregoing legal precepts, the Court shall consider whether Plaintiff's claims justify a finding of coverage under his TIC policy.

## II. Whether the TIC policy covers Plaintiff's claims.

Plaintiff seeks coverage under the Business Income and Extra Expense endorsement to his TIC policy.[1] The endorsement provides in pertinent part:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

(Rec. Doc. 8-2, p.44).

The key disputed issue is whether Plaintiff sustained "direct physical loss of or damage" to his property. TIC contends Plaintiff's allegations do not show that his property sustained actual physical damage or loss due to the Covid-19 virus.

Multiple courts within the Fifth Circuit have addressed this issue and found that the presence of the virus in a building did not cause or equate to physical damage or loss sufficient to trigger coverage. See e.g. *Lafayette Bone & Joint Clinic, Inc. v. Transportation Ins. Co.,* No. 6:21-CV-00317, 2021 WL 1740466, at *3 (W.D. La.

---

[1] Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The TIC policy is referenced in the complaint and central to Plaintiff's claims.

5

May 3, 2021); *Diesel Barbershop LLC v. State Farm Lloyds*, 479 F.Supp.3d 353, 360 (W.D. Tex. 2020); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, ––– F. Supp. 3d. ––––, 2021 WL 972878, at *5 (W.D. Tex. 2021); and *St. Pierre v. Transportation Ins. Co.,* No. 6:20-CV-01660, 2021 WL 1709380, at *3 (W.D. La. Apr. 29, 2021), citing cases.

This Court agrees with the foregoing line of cases that the presence of the virus does not constitute physical loss or damage sufficient to trigger coverage. This Court agrees with Judge Cain's analysis of an identical TIC policy involving nearly identical claims:

> This court finds no ambiguity in the requirement that the premises suffer a physical loss or damage (regardless of whether "physical" modifies just loss), or in its implications for coverage in this matter. As the Fifth Circuit has noted, "property insurance coverage is triggered by some threshold concept of physical loss or damage to the covered property." *Hartford Ins. Co. of Midwest v. Mississippi Valley Gas Co.*, 181 F. App'x 465, 470 (5th Cir. 2006). It has also observed that "[t]he language 'physical loss or damage' strongly implies that there was an initial satisfactory state that was changed by some external event into an unsatisfactory state—for example, the car was undamaged before the collision dented the bumper." *Trinity Indus. Inc., v. Ins. Co. of N. Am.*, 916 F.2d 267, 270–71 (5th Cir. 1990). To this end courts within the Fifth Circuit have required a "distinct, demonstrable, physical alteration of the property" to trigger coverage. *Diesel Barbershop LLC v. State Farm Lloyds*, 479 F.Supp.3d 353, 360 (W.D. Tex. 2020) (quoting *Hartford*, 181 F. App'x at 470). Accordingly, every district court within the circuit to address the issue has determined that a building's exposure to the coronavirus does not meet this requirement. *Id.*; *see also Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, ––– F. Supp. 3d. ––––, 2021 WL 972878, at *5 (W.D. Tex. 2021). LBJC fails to advance any new argument compelling the court to depart

6

from this interpretation, and therefore cannot state a plausible claim for relief under the Business Income/Extra Expense endorsements.

*Lafayette Bone & Joint Clinic, Inc.*, 2021 WL 1740466, at *3.

Plaintiff cites two cases for the adverse proposition: *Studio 417, Inc. v. Cincinnati Ins. Co.*, 478 F. Supp. 3d 794, 800 (W.D. Mo. 2020) and *Blue Springs Dental Care, LLC v. Owners Ins. Co.*, 488 F. Supp. 3d 867, 873 (W.D. Mo. 2020). The Court finds these authorities unpersuasive, in light of the above-cited jurisprudence from district courts within the Fifth Circuit.

Plaintiff further relies on the "Chinese Drywall" cases for his argument that direct physical loss can be caused by conditions that rendered the property useless and/or uninhabitable. *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 759 F. Supp. 2d 822, 832 (E.D. La. 2010). The Court declines to extend the Chinese Drywall definition of physical loss to the presence of the Covid-19 virus. The Chinese Drywall opinion noted that the homeowner's policy in that case defined "property damage" to include loss of use of tangible property. *Id*. Plaintiff's TIC policy contains no such definition. (See Rec. Doc. 8-2). The Chinese Drywall case also distinguished the homeowners' policies involved in that case as involving "deeply personal" interests, conceptually distinct from commercial policies, such as the TIC policy at issue. *Id*. at 833.

Further, although the Eastern District determined that the presence of Chinese drywall emitted dangerous sulfur gases, rendering the home useless, the nature of

7

Chinese drywall dictates that physical loss would inevitably result from the homeowners having to gut and remediate the property. See e.g. *Ross v. C. Adams Const. & Design, L.L.C.,* 10-852 (La. App. 5 Cir. 6/14/11), 70 So. 3d 949, 952. The presence of Covid-19 does not necessitate such remediation. Indeed, simple sanitation measures are sufficient. Thus, the Court finds that Plaintiff's failure to allege that he sustained actual, quantifiable physical loss or damage precludes coverage under the Business Income Endorsement.

Plaintiff also seeks coverage under the Civil Authority endorsement to the TIC policy. This endorsement provides in pertinent part:

> When the Declarations show that you have coverage for Business Income and Extra Expense, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premises. The civil authority action must be due to direct physical loss of or damage to property at locations, other than described premises, caused by or resulting from a Covered Cause of Loss.

(Rec. Doc. 8-2, p. 70).

Other district courts in this circuit have refused to apply civil authority endorsements in nearly identical cases, because Governor Edwards's stay-home orders did not prohibit the plaintiffs from accessing their premises and/or because the plaintiffs could not show physical loss or damage. *Pierre*, 2021 WL 1709380; *Lafayette Bone & Joint Clinic, Inc.,* No. 2021 WL 1740466; *Q Clothier New Orleans LLC v. Twin City Fire Ins. Co.,* No. CV 20-1470, 2021 WL 1600247, at *11 (E.D.

La. Apr. 23, 2021); *Muriel's New Orleans, LLC v. State Farm Fire & Cas. Co.,* No. CV 20-2295, 2021 WL 1614812, at *12 (E.D. La. Apr. 26, 2021). Likewise, Plaintiff's allegations in this case do not show that he was prohibited from accessing his premises. In fact, he alleges that he was able to perform certain emergency procedures. (Rec. Doc. 1-1, ¶12-13). As discussed above, Plaintiff has not shown that he sustained physical loss or damage of property sufficient to trigger either the Business Income or Civil Authority endorsements. Accordingly, absent facts indicating coverage under the policy, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Transportation Insurance Company's Motion to Dismiss (Rec. Doc. 8) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of June, 2021.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**